IN THE

# SUPREME JUDICIAL COURT

FOR

## THE COUNTY OF HANCOCK, JUNE TERM, 1832.

*Memorandum.—Weston J.* was not present during this term.

## DRESSER *vs.* WITHERLE & *al.*

Where the sum justly due to the plaintiff was more than a hundred dollars, but the defendant tendered and brought into the court below a lesser sum; and a verdict was entered, *pro forma*, in his favor, and the plaintiff brought the cause up by appeal; after which the plaintiff took out of court the money tendered; and on trial in this court the jury found the sum tendered insufficient, and rendered a verdict for the plaintiff for the deficiency, being less than a hundred dollars;—it was held that the case was not within the *Stat.* 1829, *ch.* 444, *sec.* 1, regulating appeals; and that the defendant was not entitled to a separate judgment for his costs.

Where money is tendered and brought into court, and the plaintiff takes it out, but proceeds for more; and the jury find the sum tendered insufficient; their proper course is to return a verdict for the whole sum due, without regard to the sum deposited with the clerk, which latter sum the court will deduct, and render judgment for the residue.

IN this action, which was *assumpsit*, the defendants brought into the court below, at *April* term 1831, the sum of eighty-two dollars. In order to bring up the cause to this court, a verdict was taken, *pro forma*, for the defendant, and the plaintiff appealed. In *May*

following the plaintiff took from the clerk the money tendered, and in this court proceeded for a greater sum ; and upon trial at this term the jury returned a verdict for the plaintiff for $96 44, being the balance due to him, after deducting the amount tendered and taken out of court. Whereupon the defendants moved the court for a separate judgment for their costs, pursuant to *stat.* 1829, *ch.* 444, *sec.* 1 ; the plaintiff, on his own appeal, having recovered less than a hundred dollars.

*W. Abbot,* for the plaintiff.

*H. Williams,* for the defendants.

MELLEN C. J. delivered the opinion of the Court at the ensuing term in *Waldo.*

As the sum tendered and deposited in court and the amount of the verdict added together exceed one hundred dollars, the plaintiff was originally entitled to a decision of his cause in this court without the peril of costs after the appeal, according to the provisions of the first section of the act of 1829, *ch.* 444. As the jury have found that the sum tendered was insufficient, the more proper course would have been for them to have returned a verdict for $178 44, and have left it for the court to deduct the amount deposited in court, and rendered judgment for the balance. The question is whether the course of proceeding adopted, and the circumstance of the receipt of the money from the clerk a day or two after the appeal was entered and the court had adjourned, entitle the defendants to their costs since the appeal, the verdict being for a sum less than $100 ; and we are all satisfied that they do not. The record shows us at once the reason why the verdict was not for the whole of the plaintiff's demand ; and in this respect the case differs from *Baker v. Appleton,* 4 *Greenl.* 66. If we should allow costs to the defendants we should appear to pay more respect to form than to substance in the decision. We do not consider the receipt of the money from the clerk as any waiver of the plaintiff's rights as to cost, or in any way affecting the interests of the defendants as to the money deposited.          *Motion denied.*